# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

GARY A. FORST and BONITA A. FORST,

        Plaintiffs,

v.                                                            Case No. 07-CV-612

SMITHKLINE BEECHAM CORPORATION,
d/b/a GLAXOSMITHKLINE,

        Defendant.

_____

# ORDER

On February 19, 2008, the parties filed a stipulated protective order by which the parties agree that they may mark as confidential materials disclosed during the course of discovery in this case. In this instance, the court is unable to accommodate the parties' request for confidentiality with an order that shields discovery information from public view unless the parties demonstrate good cause for doing so, and unless the order is narrowly constructed to shield only the information that deserves protection. As a general proposition, pretrial discovery must take place in the public eye unless compelling reasons exist for denying the public access. *American Telephone & Telegraph Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1979); Fed. R. Civ. P. 26(c); *see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999) (noting that most cases endorse a presumption of public access to discovery materials).

In *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006), the Seventh Circuit articulated the importance of the public record in preserving the legitimacy of the courts.

> Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification.

*Id.* at 348. The *Hicklin* court noted that this circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Id.* (citations omitted).

Federal Rule of Civil Procedure 26(c) allows the court to enter a protective order for good cause shown. A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins. Co.*, 178 F.3d at 946. The Seventh Circuit in *Cincinnati Insurance* held that there is no objection to a protective order that:

> allows the parties to keep their trade secrets (or some other properly demarcated category of legitimately confidential information) out of the public record, provided the judge (1) satisfies himself that the parties know what a trade secret is and are acting in good faith in deciding which parts of the record are trade secrets and (2) makes explicit that either party *and any interested member of the public* can challenge the secreting of particular documents.

*Id.* (emphasis added).

Here, the parties state the following information should be treated as confidential:

> The parties recognize that preparation for trial of this action may require the discovery of certain documents and testimony concerning: (1) Plaintiffs' confidential financial, medical, and psychological records, as well as other confidential information protected from disclosure by state or federal law and (2) Defendant's confidential research, development, trade secrets, commercial information, competitively-sensitive information, as well as patient-or-reporter-identifying information protected from disclosure by state or federal law.

(Joint Stipulated Protective Order ¶ 1.) While the parties appear to set forth a "properly demarcated category of legitimately confidential information," the proposed order does not provide that "any interested member of the public" may challenge the sealing of documents. *See Cincinnati Ins. Co.*, 178 F.3d at 946. In addition, the parties' proposed protective order permits a party to file documents under seal without first moving for a leave to file the documents under seal. The proposed protective order provides that "[t]he parties have agreed, and the Court hereby grants permission, to file under seal documents marked 'Confidential' in connection with discovery motions or other pre-trial motions or proceedings." (*Id.* at ¶ 10.) However, without reviewing the specific documents the parties will seek to file under seal, the court cannot conclude that good cause exists to warrant such protection. Indeed, pursuant to General Local Rule (E.D. Wis.) 79.4:

> (c) Subject to General L.R. 83.9(c) and Civil L.R. 26.4, the Court will consider all documents to have been filed publicly unless they are accompanied by a separate motion requesting that the documents, or portions thereof, be sealed by the Court.

(d) All documents which a party seeks to have treated as confidential, but as to which no sealing order has been entered, must be filed in a sealed envelope conspicuously marked "Request for Confidentiality Pending," together with a motion requesting an appropriate order. The separate motion for sealing must be publicly filed and must generally identify the documents contained in the sealed envelope. The documents must be transmitted by the Clerk of Court in a sealed envelope to the judge or magistrate judge, together with the moving papers. If the motion is denied, the documents must be filed by the Clerk of Court in an open file, unless otherwise ordered by the judge or magistrate judge assigned to the case.

General L.R. 79.4(c) and (d); *see also* Civil L.R. 26.4. Thus, pursuant to prevailing circuit law, General L.R. 79.4, and Fed. R. Civ. P. 26(c), the court is precluded from issuing the parties' proposed protective order.

Accordingly,

**IT IS ORDERED** that the parties' request for a protective order (Docket #15) be and the same is hereby **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 20th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge