# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

───────────────────────────────────────────────

GARY L. FORST and BONITA A. FORST,

        Plaintiffs,

v.                                              Case No. 07-CV-612

SMITHKLINE BEECHAM CORPORATION
d/b/a GLAXOSMITHKLINE,

        Defendant.

───────────────────────────────────────────────

## ORDER

Plaintiffs Gary and Bonita Forst ("the Forsts") filed a products liability action against Defendant Smithkline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") asserting claims arising from Gary Forst's attempted suicide after allegedly using the prescription antidepressant Paxil CR®, manufactured by the defendant. In connection with their action, the Forsts filed a motion to compel GSK to provide substantive responses and documents to their Second Request for Production of Documents. The Forsts also ask the court to impose sanctions on GSK for its refusal to produce valid discovery. For the reasons outlined below, the court will grant, in part, and deny, in part, the Forsts' motion to compel. However, the court will not impose sanctions.

Under Federal Rule of Civil Procedure 26, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The scope of relevancy under Rule 26 is broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence." *Id.*; *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978) (holding that relevant information "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

The court enjoys significant discretion in ruling on a motion to compel. *Gile v. United Airlines*, 95 F.3d 492, 495-96 (7th Cir. 1996). This is because a district court is in the best position to decide the proper scope of discovery and settle any discovery disputes. *Id.* at 495. Thus, the court may use its broad discretion to carry out the "strong public policy in favor of disclosure of relevant materials." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citing Fed. R. Civ. P. 26(b)(2)). However, the court may also use its discretion to limit the scope of discovery if the discovery sought is unreasonably duplicative, cumulative or can be more conveniently, cost-effectively, and easily obtained from some other source. *Id.* Before limiting discovery, courts should consider the "totality of the circumstances and weigh the value of the material sought against the burden of providing it." *Id.*

The Forsts urge the court to compel GSK to produce documents in response to their Second Set of Requests for Production of Documents, limited to Request Nos. 1-4, 6-14, 24 and 25. These documents are of two general types: 1) documents reflecting GSK revenue and profit from the sale of Paxil obtained in Wisconsin and the United States between 2000 and 2004; and 2) documents regarding GSK's advertising, promotion and educational campaigns, budget and

-2-

spending related to Paxil for the same time period and location. The court will address the documents according to these categories.

The Forsts argue that documents in the first category, those regarding revenue and gross profits (Request Nos. 1-4), are relevant to their punitive damages claims because net worth is one consideration in assessing punitive damages. In response, GSK argues that profit from the sale of Paxil is not relevant to a determination of punitive damages. The court finds that documents reflecting profits from the sale of Paxil are relevant. However, the court will limit the scope of discovery to documents regarding revenue and profits from the sale of Paxil in the state of Wisconsin.

Revenue and profits from the sale of Paxil in Wisconsin may be relevant to a jury determination of punitive damages if the jury finds that GSK knew of an increased risk of suicidality and failed to warn physicians or the public about these risks. GSK argues that, even if punitive damages were to be awarded, its net worth is the relevant consideration and not its drug-specific sales and profits. However, the fact that net worth is arguably *more relevant* does not preclude discovery of other information that bears on the issue. In addition, GSK does not claim that the revenue or profit information is cumulative or may be more easily obtained from a different source. To avoid receiving excessive pages of discovery, the Forsts offer to limit the documents that GSK would be required to produce to those regarding revenues and profit figures from the state of Wisconsin only. (Forsts Reply Br., p. 3). Therefore, the court will compel GSK to produce documents regarding revenue and

gross profits from the sale of Paxil in Wisconsin between January 1, 2000, and December 31, 2004. (Request Nos. 2, 4).

The Forsts also ask the court to compel GSK to produce documents in the second category, those regarding its advertising, promotional and educational campaigns, budget and spending related to Paxil (Request Nos. 6-13), prescriptions for Paxil written in Wisconsin (Request No. 14), and programs and materials distributed at conferences that discuss Paxil and suicidality (Request Nos. 24 and 25). The Forsts assert that these documents are relevant to prove fraud and punitive damages by demonstrating the extent of GSK's effort to disseminate its "material misrepresentations to both the medical community and the general public." (Forst Mot. Compel, p. 7). In response, GSK asserts that the document requests are too burdensome, they seek irrelevant information, and that the burden and expense of producing them outweighs the value.

The resources GSK dedicated to advertising, promoting, and conducting education programs about Paxil are relevant to the Forsts' claims that GSK acted negligently when it failed to adequately warn physicians and consumers about increased suicide risk from use of the drug. GSK argues that the information is irrelevant because the Forsts do not show that either Gary Forst or his prescribing physician relied on a misrepresentation. However, the prevalence of Paxil advertising, the number of individuals receiving prescriptions, and exposure of the public and the medical community to Paxil without appropriate warnings of suicide risks reasonably bears on the issues raised by the Forsts' claims. The more efforts

-4-

and resources GSK expended to encourage use of its product, the more culpable its behavior in knowingly exposing users to an increased suicide risk without proper warnings. However, information from the whole of the United States is overbroad. The additional value of this information to either the plaintiff's case or to the court's "truth-seeking function" does not outweigh the burden of providing such documents. *Patterson*, 281 F.3d at 681. Thus, the court will limit discovery to amounts spent, prescriptions written, and items distributed in the state of Wisconsin. Therefore, the court will compel GSK to produce documents relating to amounts spent on advertising, promotional materials, or educational programs for Paxil to the extent that such documents, materials, or programs were distributed or held in Wisconsin between January 1, 2000, and December 31, 2004. (Request Nos. 7, 9, 11, 13, 14, 24, 25).

The Forsts' also move for sanctions against GSK, pursuant to Federal Rule of Civil Procedure 37. The Forsts base this request on GSK's refusal to produce the discovery documents at issue, which required the Forsts to initiate court action to compel. GSK responds that sanctions are unwarranted because the Forsts did not make a good faith attempt to obtain the discovery without court action and because GSK's response was substantially justified. Federal Rule 37 states that if the court grants a motion to compel discovery, the court must also "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Similarly, the court

must order payment of reasonable expenses and fees to the non-moving party if the motion is denied. Fed. R. Civ. P. 37(a)(5)(B). However, the court need not grant expenses and attorney's fees each time it addresses a motion to compel discovery. Indeed, Rule 37 prohibits the court from ordering the payment of expenses and fees if it finds any of the following: a) the movant filed the motion before making a good faith attempt to obtain the discovery without court action; b) the opposing party's non-disclosure was substantially justified; or c) other circumstances make an award of expenses unjust. *Id.*

The court will not sanction GSK by awarding expenses or attorney's fees because GSK's non-disclosure was substantially justified. As stated above, this court grants the Forsts' motion to compel documents specified in Request Nos. 2, 4, 7, 9, 11, 13, 14, 24, and 25. However, this court also denies the Forsts' motion to compel Request Nos. 1, 3, 6, 8, 10, and 12, comprising nearly half of the requested documents. Therefore, the court agrees that GSK's non-disclosure was warranted for a signification portion of the documents that the Forsts sought to compel. As a result, the court will deny the request for sanctions and each party must bear its own related costs.

Finally, GSK argues that it should not be required to prepare a privilege log until after this court issues a decision on the Forsts' motion to compel. A party withholding discovery information by asserting a privilege must support its claim with a "privilege log," which describes the nature of each document being withheld. *Hobley v. Burge*, 433 F.3d 946, 947 (7th Cir. 2006). The Forsts do not object to

-6-

Case 2:07-cv-00612-JPS   Filed 11/18/08   Page 6 of 7   Document 106

GSK's request that the parties wait for the court to rule on the motion to compel before requiring GSK to produce a privilege log. Thus, GSK must produce a privilege log following issuance of this order.

Accordingly,

**IT IS ORDERED** that the Forsts' motion to compel substantive responses and documents to plaintiffs' second request for production of documents (Docket #31) be and the same is hereby **GRANTED** in part and **DENIED** in part; within thirty (30) days of this order, GSK shall produce all documents responsive to plaintiffs' Second Request for Production of Documents Nos. 2, 4, 7, 9, 11, 13, 14, 24, and 25 as specified by the court's order.

**IT IS FURTHER ORDERED** that the Forsts' request for sanctions (Docket #31) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 18th day of November, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge